UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON UNIVERSITY<br><br>    Defendant. | Case No.: 4:19-cv-00300-JMB |

### RESPONSE OF DEFENDANT WASHINGTON UNIVERSITY
### TO PLAINTIFF'S MOTION TO CLARIFY FEBRUARY 26, 2019 ORDER

Defendant Washington University (the "University") hereby responds to Plaintiff's Motion to Clarify the Court's February 26, 2019 Order placing the Complaint and exhibits in this action under seal.  The University disagrees with Plaintiff's position that the Order should be amended to unseal the Complaint and certain exhibits.  Given the excessive detail in the Complaint and the sensitive nature of the subject matter, the Court's Order should remain in effect.

On Friday, February 22, 2019, Plaintiff John Doe filed an 88-page Complaint (Doc. #1) against the University seeking injunctive and monetary relief with respect to discipline imposed on Plaintiff as a University student.  The Complaint, exhibits and docket entries included identifying information of the parties as well as nonparty witnesses.  Recognizing the privacy concerns implicated by his allegations, Plaintiff filed a Motion for Leave to Proceed Anonymously (Doc. #3) and a Motion for Leave to File Exhibits under Seal (Doc. #2).  In an e-mail to the University transmitting a courtesy copy of the Complaint, counsel for Plaintiff stated

that he would be out of the office the following week but had no objection "to Washington University sealing anything they like."

Because Plaintiff's effort to electronically file at least the exhibits under seal was not effective, the University filed a motion on Monday, February 25 requesting that the Complaint and exhibits, including the docket entries identifying the exhibits, be sealed.  *See* Motion to Seal (2/25/19) (Doc. #9).  The Court entered its Order on February 26, 2019 (Doc. #12), stating:

> IT IS HEREBY ORDERED that the Clerk of Court shall disable the link to Document 1.
>
> IT IS FUTHER ORDERED that plaintiff shall refile his complaint and attached exhibits under seal.  In naming his exhibits, plaintiff is directed to use the initials of nonparties rather than their names.

On Monday, March 4, 2019, Plaintiff re-filed his Complaint and exhibits under seal (Doc. #13).  Plaintiff attempted to substitute initials for names of nonparties in the Complaint and exhibit descriptions (Doc. #15), although one name of a nonparty still appears in its entirety in paragraphs 178-179 of the Complaint, which is presumably an oversight.  At the same time Plaintiff filed a Motion to Clarify (Doc. #16), asking the Court to revise its Order and allow the Complaint and certain exhibits (Exs. 1, 2, 18 and 20-29) to be unsealed.  One of those exhibits, Exhibit 29 ("Panel Member Bias," designated as attachment #36 to the Complaint in the docket entries), contains the name and photographs of a nonparty.

Given the sensitive nature of the subject matter, coupled with these early difficulties in maintaining appropriate confidentiality, there is good cause under Local Rule 13.05 to keep the Court's February 26 Order in place.  This case arises out of the University's confidential investigation of student conduct involving allegations of sexual assault.  It would infringe upon the privacy rights of the complainant, the respondent, and the non-party witnesses to that investigation if their identifying information were to be disclosed to the public.  Such disclosure

would also serve to intimidate parties, witnesses and panel members in other sexual assault investigations and deter them from participating in the process out of fear that their identities could be later revealed in the public record.

The Eighth Circuit has recognized that it is within the sound discretion of the district court to decide that redaction is insufficient under the relevant facts and circumstances of a particular case. *IDT Corp. v. eBay, et al.,* 709 F.3d 1220, 1223 (8th Cir. 2013), *quoting Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 599 (1978). In some cases, like here, "confidential information may be so embedded in a pleading that line-by-line redaction is impossible." *IDT Corp.,* 709 F.3d at 1224. Even though Plaintiff has substituted initials for names in the Complaint and in the exhibit descriptions that will appear in the docket, the unnecessarily detailed and graphic nature of the 88-page, 416-paragraph Complaint creates a clear risk that individuals will be identified simply by the context of the narrative flowing through the allegations. For example, there are references to the student organization at which John and Jane Doe met, the initials of Jane's ex-boyfriend, a description of an alleged sexual incident involving John and his ex-girlfriend, other incidents of excessive alcohol consumption and the taking of psychiatric medications, and references to an incident where Jane Doe allegedly appeared and spoke about John Doe at a student protest. It would not take much effort to connect the dots and determine the identities of those involved. This is especially true because real initials are used in place of individuals' names.

WHEREFORE, in order to protect the privacy of parties and non-parties to the underlying disciplinary proceeding, the University requests for good cause shown that the Complaint and exhibits remain under seal, at least until the Court determines after motion practice whether the Complaint states a claim or should otherwise be abridged. Plaintiff's

difficulties to date in ensuring the protection of information Plaintiff intended to be kept confidential confirms the need for this relief.  The University respectfully requests that the Court decline to modify its February 26, 2019 Order and that the Complaint and exhibits thereto remain under seal.

Dated: March 11, 2019　　　　　　　　　HAAR & WOODS, LLP

　　　　　　　　　　　　　　　　　　　　/s/ Lisa A. Pake
　　　　　　　　　　　　　　　　　　　　Robert T. Haar, #30044MO
　　　　　　　　　　　　　　　　　　　　Lisa A. Pake, #39397MO
　　　　　　　　　　　　　　　　　　　　Matthew A. Martin, #64000MO
　　　　　　　　　　　　　　　　　　　　1010 Market Street, Suite 1620
　　　　　　　　　　　　　　　　　　　　St. Louis, MO 63101
　　　　　　　　　　　　　　　　　　　　(314) 241-2224
　　　　　　　　　　　　　　　　　　　　(314) 241-2227 (facsimile)
　　　　　　　　　　　　　　　　　　　　roberthaar@haar-woods.com
　　　　　　　　　　　　　　　　　　　　lpake@haar-woods.com
　　　　　　　　　　　　　　　　　　　　mmartin@haar-woods.com

*Attorneys for Defendant Washington University*

**CERTIFICATE OF SERVICE**

　　　　I hereby certify that on March 11, 2019, I filed the foregoing Response of Defendant Washington University to Motion to Clarify with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record for the parties.

　　　　　　　　　　　　　　　　　　　　　/s/ Lisa A. Pake

4