UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19 CV 300 (JMB) |
| | ) |
| WASHINGTON UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed anonymously.

Plaintiff filed this action against Washington University in Saint Louis to challenge the university's investigation and adjudication of a female student's complaint that he had sexual intercourse with her while she was too intoxicated to consent.  He claims, *inter alia*, that the university's handling of the claim against him violated his constitutional rights and Title IX of the Education Act Amendments of 1972, 20 U.S.C. §§ 1681 *et seq*.  He seeks leave to proceed anonymously to protect his privacy and safety.  He also requests leave to use the pseudonym "Jane Roe" to refer to the female student.  Defendant has not opposed his motion.

Federal Rule of Civil Procedure 10(a) requires that a pleading contain the names of all parties.  This creates a presumption in favor of identifying the parties in a litigation.  See Luckett v. Beaudet, 21 F. Supp. 2d. 1029, 1029 (D. Minn. 1998).  Courts apply a balancing test in which they ask whether the plaintiff has a substantial privacy right which outweighs the customary presumption of openness in judicial proceedings.  See *In re* Ashley Madison Customer Data Sec. Breach Litig., MDL No. 2669, 2016 WL 1366616, at *2 (E.D. Mo. Apr. 6, 2016) (citations omitted).

While the Eighth Circuit has not specifically addressed when to permit a litigant to proceed in pseudonym, district courts in the Eighth Circuit have identified three circumstances which might support allowing a party to proceed in pseudonym: (1) plaintiff is challenging a governmental activity; (2) plaintiff would have to "disclose information of the utmost intimacy" in prosecuting his or her claim; or (3) plaintiff would be compelled to admit their intention to engage in illegal activity, thereby risking criminal prosecution.  Doe v. Zinke, No. CR 17-2017 (SRN/FLN), 2018 WL 1189341, at *1 (D. Minn. Feb. 14, 2018), report and recommendation adopted, No. 17-CV-2017 (SRN/FLN), 2018 WL 1189329 (D. Minn. Mar. 7, 2018) (quoting Luckette, 21 F. Supp. 2d. at 1029; and citing Doe v. Stegall, 653 F.2d 180, 185 (5th Cir. 1981); In re Ashley Madison, 2016 WL 1366616, at *2.  Additional circumstances courts consider include whether the plaintiff would risk suffering injury if identified; and whether the party defending against a suit brought under a pseudonym would be prejudiced.[1]  Doe v. Purdue Univ., 321 F.R.D. 339, 341 (N.D. Ind. 2017) (citing cases).

This litigation requires the disclosure of "information of the utmost intimacy," including Jane Roe's allegations of sexual misconduct, witness statements, and the details of the university's findings. Other courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously.  See, e.g., John Doe v. Columbia Univ., 831 F.3d 46 (2d Cir. 2016) (acknowledging without analysis that plaintiff proceeded by pseudonym); Doe v. Brown Univ., 210 F. Supp. 3d 310 (D.R.I. 2016) (acknowledging prior grant of a motion to proceed pseudonymously); Doe v. Colgate Univ., No. 5:15-CV-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) (granting plaintiff's motion to proceed under pseudonym); Doe v. Washington & Lee Univ., No. 14CV52, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015)

---

[1] As plaintiff notes, defendant knows his identity and thus there appears to be little prejudice to defendant from allowing plaintiff to proceed anonymously.

(acknowledging without analysis that plaintiff proceeded by pseudonym); Doe v. Univ. of Massachusetts–Amherst, No. 14-30143, 2015 WL 4306521, at *5 (D. Mass. July 14, 2015) (same); Doe v. Salisbury Univ., JKB–1403853, 2015 WL 3478134 (D. Md. June 2, 2015) (same); Doe v. Univ. of S. Florida Bd. of Trustees, No. 8:15-CV-682, 2015 WL 3453753 (M.D. Fla. May 29, 2015) (same); Doe v. Univ. of Montana, No. CV 12-77, 2012 WL 2416481 (D. Mont. June 26, 2012) (finding that the interests of plaintiff and accuser "in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names"); Doe v. Univ. of the South, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (overruling, without substantive analysis, the defendant's objection to the Magistrate Judge's granting of plaintiff's motion to proceed under pseudonym).

After balancing plaintiff's interest in anonymity against the public's interest in disclosure, the Court finds that the possible injury to plaintiff resulting from public disclosure of his identity rises above the level of mere embarrassment or harm to reputation. See In re Ashley Madison, 2016 WL 1366616, at *4 (granting leave to proceed anonymously to plaintiffs alleging their personal data was disclosed by web-based service that facilitated intimate relationships for those in marriages or committed relationships).  The female student who filed the complaint against plaintiff will be identified as "Jane Roe" for the purposes of this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's unopposed motion to proceed anonymously [Doc. # 3] is **granted**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of April, 2019.

3