UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:19 CV 300 (JMB) |
| | ) |
| WASHINGTON UNIVERSITY, | ) |
| | ) |
|     Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

On January 21, 2020, the Court granted defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), Fed.R.Civ.P. [Doc. # 67]. Plaintiff now moves under Rule 60(b) for reconsideration of that order. Defendant has filed a response in opposition.

**I.    Background**

Plaintiff John Doe was an undergraduate student enrolled at defendant Washington University. In April 2018, a female undergraduate student, "Jane Roe," filed a complaint with Washington University's Title IX Office, alleging that plaintiff sexually assaulted her. Following an investigation, Washington University concluded that plaintiff was guilty of sexual misconduct. He was expelled and a notation was placed on his transcript. Plaintiff filed suit, alleging that the University's sexual-assault investigation procedures violated his civil rights and were improperly motivated by anti-male gender bias. He brought claims under 42 U.S.C. § 1983, Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681 *et seq*., and Missouri state law. The Court

dismissed his federal law claims and declined to exercise supplemental jurisdiction over his state law claims.

Plaintiff now asks the Court to reconsider its ruling on his Title IX "erroneous outcome" claim. Under the erroneous outcome theory, "the plaintiff attacks the university disciplinary proceeding on grounds of gender bias by arguing that the plaintiff was innocent and wrongly found to have committed an offense." Salau v. Denton, 139 F. Supp. 3d 989, 998 (W.D. Mo. 2015) (quoting Sahm v. Miami Univ., 110 F. Supp. 3d 774, 778 (S.D. Ohio 2015)). "Plaintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding." Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994). To proceed on his erroneous outcome claim, plaintiff was required to show: (1) evidence illustrating an "articulable doubt" as to the accuracy of the outcome of the proceeding, and (2) particular circumstances showing gender bias was a motivating factor in the erroneous outcome.[1] Rossley v. Drake Univ., 342 F. Supp. 3d 904, 924 (S.D. Iowa 2018). After reviewing his amended complaint, the Court held that plaintiff failed to make allegations sufficient to establish either element.

---

[1] To show an articulable doubt, a plaintiff may point to "particular evidentiary weaknesses behind the finding of an offense such as a motive to lie on the part of a complainant or witnesses, particularized strengths of the defense, or . . . particular procedural flaws affecting the proof." Yusuf, 35 F.3d at 715. A plaintiff may illustrate gender bias by identifying "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." Id. "However, allegations of a procedurally or otherwise flawed proceeding that has led to an adverse and erroneous outcome combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss." Id. "A plaintiff must thus also allege particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." Id. "Wholly conclusory allegations [do not] suffice for purposes of Rule 12(b)(6)." Salau, 139 F. Supp 3d at 998.

## II. Discussion

Rule 60(b) authorizes a court "to relieve a party . . . from a final judgment [or] order" for six enumerated reasons. Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018) (quoting Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008)). "It is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Here, plaintiff relies on Rule 60(b)(1), which authorizes relief due to "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6), which authorizes relief for "any other reason that justifies relief."

Plaintiff does not identify any "mistake, inadvertence, surprise, or excusable neglect" in support of his request for relief under Rule 60(b)(1). Rather, he argues that his motion gives the Court a "chance to correct clear errors in the application of recent Title IX caselaw" before he files an appeal. For the purposes of Rule 60(b)(1), a "mistake" must be one committed by a party, not the Court. See Lowry v. McDonnell Douglas Corp., 211 F.3d 457-460-61 (8th Cir. 2000) ("[R]elief under Rule 60(b)(1) for judicial error other than for judicial inadvertence is not available.") (internal quotation and citation omitted). Plaintiff's disagreement with the Court's decision is not a basis for relief under Rule 60(b)(1).

He fares no better with his attempt to invoke Rule 6(b)(6). Relief is available under this provision "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Murphy v. Missouri Dept. of Corr., 506 U.S. 1111, 1117 (8th Cir. 2007). No such exceptional circumstances exist in this case and plaintiff had ample opportunity to litigate his claim. His motion merely reasserts arguments that the Court already considered and rejected.

3

Plaintiff submitted two documents in support of his Rule 60(b) motion. One is a case that he cited, without analysis, in his opposition to defendant's dismissal motion. The case was unavailable to the Court because the issuing court placed it under seal. The second document appears to be a summary of alleged inconsistencies in witness testimonies in the Title IX investigation. The time for submitting additional materials for the Court's consideration has long since expired and the Court will direct the Clerk of Court to strike them from the record.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. # 69] is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall strike Exhibits A and B [Docs. # 69-2 and # 71] from the record.

**IT IS FURTHER ORDERED** that plaintiff's motions to file Exhibits A and B under seal [Docs. # 70 and # 74] are **denied as moot**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of March, 2020.