UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19 CV 300 (JMB) |
| | ) | |
| WASHINGTON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On January 21, 2020, the Court granted defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6), Fed.R.Civ.P. [Doc. # 67].  On February 18, 2020, plaintiff filed a motion to reconsider pursuant to Rule 60(b)(1) and (b)(6), which the Court denied on March 19, 2020.  [Docs. # 69 and # 75].  On January 4, 2021, plaintiff filed this second motion for reconsideration under Rule 60(b)(6), citing subsequent developments in the case law and regulations.  Defendant has filed a response in opposition.

### I.     Background

Plaintiff John Doe was an undergraduate student enrolled at defendant Washington University.  In April 2018, a female undergraduate student, "Jane Roe," filed a complaint with Washington University's Title IX Office, alleging that plaintiff sexually assaulted her.  Following an investigation, Washington University concluded that plaintiff was guilty of sexual misconduct. He was expelled and a notation was placed on his transcript.  Plaintiff filed suit, alleging that the University's sexual-assault investigation procedures violated his civil rights and were improperly motivated by anti-male gender bias.  He brought claims under 42 U.S.C. § 1983, Title IX of the

Education Amendments Act of 1972, 20 U.S.C. §§ 1681 *et seq*., and Missouri state law.  The Court dismissed his federal law claims and declined to exercise supplemental jurisdiction over his state law claims.  As relevant to the plaintiff's present motion, the Court found that plaintiff did not sufficiently allege that defendant's investigation of Jane Roe's complaint reached an erroneous outcome or that the decision was the product of sex–based bias as required to sustain his Title IX claim.  As in his previous Rule 60(b) motion, plaintiff again asks the Court to reconsider its ruling on his Title IX claim.  Plaintiff did not appeal either the original dismissal order or the denial of Rule 60(b) relief.

## II.    Legal Standard

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of a case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  Gonzalez v. Crosby, 545 U.S. 524, 528–29 (2005).  Rule 60(b)(6), the particular provision under which plaintiff brings his motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than more specific circumstances set out in Rules 60(b)(1)-(5).  Id.  Relief is available under this provision "only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Murphy v. Missouri Dept. of Corr., 506 F.3d. 1111, 1117 (8th Cir. 2007); see also Gonzalez, 545 U.S. at 536 (relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances").  A Rule 60(b)(6) motion may not be used as a substitute for a timely appeal.  Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004); see also Gonzalez, 545 U.S. 524 at 537 (rejecting argument that change in law justified Rule 60(b)(6) relief because of movant's "lack of diligence" in asserting the issue addressed by the new case he wished applied to his claims).

2

### III.     Discussion

Plaintiff argues that reconsideration is warranted based on a decision the Eighth Circuit issued on September 4, 2020.  In Doe v. Univ. of Arkansas - Fayetteville, 974 F.3d 858 (8th Cir. 2020), as in this case, a Title IX panel found that the male plaintiff had sexual contact with a female student who was too intoxicated to give consent.  The issue on appeal was whether the plaintiff "adequately allege[d] that the University disciplined him on the basis of sex — that is, because he is male."  Id. at 864.  The Eighth Circuit concluded that he met this standard, based on three considerations.  First, the University's Title IX coordinator concluded that the evidence — including the report of a police investigation — did not show that the plaintiff committed any misconduct.  In particular, the coordinator found that the female complainant was not incapacitated at the time the sexual contact took place.  When the complainant appealed the coordinator's decision, the hearing panel found that the complainant became incapacitated at some point during her encounter with the plaintiff but did not find that the plaintiff knew or had reason to know when she became incapacitated.  Nonetheless, the panel held, by a vote of two to one, that plaintiff violated the University's policy on sexual assault.  Second, the sanction imposed on the plaintiff – – Title IX training, community service, and an online course — differed from its usual sanction of expulsion.  Id. at 865.  Third, "the University was under pressure on multiple fronts to find males responsible for sexual assault."  In particular, the University was under investigation by both the Office of Civil Rights and the Arkansas legislature and was facing a "highly publicized" lawsuit brought by a woman who alleged the University mishandled her Title IX complaint against a male student.[1]  In addition, the plaintiff's accuser personally orchestrated a campus–wide protest after

---

[1] Plaintiff here relied on three op–eds and a campus protest to support his contention that Washington University was subject to public pressure that influenced the decision in his case.

the Title IX coordinator found the plaintiff was not responsible for sexual assault, prompting a public statement from the University.  Id.  Based on these allegations, the Eighth Circuit found that the complaint adequately alleged both a "dubious decision" and "substantial pressure" on the University to show that it was responsive to the complaints of female students.

> A decision that is against the substantial weight of the evidence and inconsistent with ordinary practice on sanctions may give rise to an inference of bias, although not necessarily bias based on sex.  See Doe v. Baum, 903 F.3d 575, 585-86 (6th Cir. 2018); Doe v. Miami Univ., 882 F.3d 579, 592-93 (6th Cir. 2018); Doe v. Columbia Univ., 831 F.3d 46, 57 (2d Cir. 2016); Yusuf v. Vassar College, 35 F.3d 709, 715 (2d Cir. 1994).  External pressure on a university to demonstrate that it acted vigorously in response to complaints by female students may support an inference that a university is biased based on sex, although not necessarily in a particular case.  See Doe v. Purdue Univ., 928 F.3d at 668-69; Baum, 903 F.3d at 586.  Doe's complaint alleges both: a dubious decision in his particular case taken against the backdrop of substantial pressure on the University to demonstrate that it was responsive to female complainants. The allegations are sufficient to state a claim under Title IX that is plausible on its face.

Univ. of Arkansas – Fayetteville, 974 F.3d at 865–66.

The Court disagrees with plaintiff that the Univ. of Arkansas – Fayetteville either establishes new law or dictates a different outcome in his case.[2]  First, he is incorrect in his assertion that the Eighth Circuit adopted a more lenient standard than that which the Court applied to his claims.  See id. at 864 ( "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Second, as the passage quoted above shows, the plaintiff in Arkansas – Fayetteville survived dismissal because his allegations showed both "a dubious decision" and "substantial pressure" that gave rise to an inference of sex–based bias.  The

---

[2] Plaintiff argues in his reply that, if the Univ. of Arkansas – Fayetteville decision had been issued before his time to file an appeal had expired, he would have "been significantly more incented to use his limited financial resources to file an appeal instead of deciding to re–file the state–law claims."  These considerations have no bearing on whether he is entitled to Rule 60 relief at this time.

Court here found that plaintiff failed to adequately allege both that the Title IX panel in his case reached the wrong outcome and that it acted from gender–based bias.  See Rowles v. Curators of Univ. of Missouri, 983 F.3d 345, 359 (8th Cir. 2020) (holding that plaintiff "fail[ed] to plausibly allege that the investigation reached an outcome against the weight of the evidence or allege any additional facts suggesting bias based on his sex").[3]

Setting aside the merits of plaintiff's arguments regarding the impact of Univ. of Arkansas – Fayetteville, he still would not be entitled to relief under Rule 60(b)(6).  "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance" warranting Rule 60(b) relief from a final judgment.  Kansas Public Employees Retirement Sys. v. Reimer & Koger Assoc., 194 F.3d 922, 925 (8th Cir. 1999).  Furthermore, a motion under Rule 60(b) "must be made within a reasonable time."  Rule 60(c).  "What constitutes a reasonable time under Rule 60(b) depends on the particular facts of the case in question."  Anderson v. Evangelical Lutheran Good Samaritan Soc'y, No. 18-CV-2008-CJW-MAR, 2019 WL 5865629, at *1 (N.D. Iowa Apr. 25, 2019) (quoting Fed. Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 767 (8th Cir. 1989)).  Here, the Court dismissed plaintiff's complaint on January 21, 2020, and denied his first Rule 60(b) motion on March 19, 2020.  Plaintiff declined to appeal from either decision.[4]   The Eighth Circuit issued the Univ. of Arkansas –

---

[3] Rowles alleged that one of the University's Title IX investigators told him during an earlier investigation that he "looked like someone who might commit sexual assault."  Id. at 359.  He argued that this comment suggested a bias against "large men."  The Eighth Circuit rejected plaintiff's argument, stating: "We do not believe that an investigator's stray comment during a prior investigation, when such investigator is not alleged to have participated in the present investigation, plausibly demonstrates that the University disciplined Rowles based on his sex."  Id. at 359–60.  The circuit court cited the dismissal in this case as support.

[4] Plaintiff states that, in lieu of filing an appeal, he opted to pursue his state–law claims, over which the Court declined to exercise supplemental jurisdiction.   He filed his claims against Washington University in an Illinois state court, from which defendant removed them to the Northern District of Illinois, which dismissed the claims on January 21, 2021, for lack of personal jurisdiction.

Fayetteville opinion on September 4, 2020.  Plaintiff did not file the instant motion until January 6, 2021, four months later.  Under these circumstances, the Court cannot say that he has acted diligently.

Plaintiff makes two additional arguments that the Court will address.  First, he reiterates his previous argument that a Department of Education letter issued in April 2011 imposed undue external pressure that caused defendant to wrongly find him guilty of sexual misconduct.  The Eighth Circuit recently rejected a similar argument in affirming summary judgment on a male plaintiff's Title IX claim.  Rossley v. Drake Univ., 979 F.3d 1184, 1196 (8th Cir. 2020) ("We thus do not accept Rossley's argument that, influenced by the "Dear Colleague" letter's *in terrorem* effect, Drake 'did not attend to what is required for fairness to male respondents.'").  Second, plaintiff argues that the Court should take into account new Department of Education regulations that took effect on August 14, 2020.  Contrary to plaintiff's assertion that the new rules apply to his case, the Department of Education declined to apply the new rules retroactively.  See "Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance," 85 FR 30026-01 (May 19, 2020).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion for reconsideration [Doc. # 76] is **denied.**


/s/ John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of February, 2021.

6